IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**ERIKA JONES**                                                                                          **PLAINTIFF**

V.                                            **CASE NO. 5:24-CV-5261**

**WALMART INC. f/k/a
WAL-MART STORES, INC.; and
MIDEA AMERICA CORPORATION**                                             **DEFENDANTS**

**OPINION AND ORDER**

The Court takes up Defendant Midea America Corporation's Motion to Dismiss (Doc. 12) for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). The Motion was filed January 10, 2025. Plaintiff has not responded, so the Court decides this matter on Plaintiff's Complaint (Doc. 2), Midea's Motion, its Brief in Support (Doc. 13), and its accompanying exhibits (Docs. 13-1 & 13-2).

This case arises out of an alleged injury that resulted from a defective "Instant Pot Lux." According to the Complaint, Midea "designed, manufactured, marketed, imported, distributed and/or sold" this product, along with Instant Brands, Inc.—a company currently in bankruptcy proceedings. Doc. 2, p. 1; *see also id.* at pp. 4, 5. Assuming Plaintiff here has made a *prima facie* showing "by pleading sufficient facts to support a reasonable inference that [Midea] can be subjected to jurisdiction," that "showing must be tested, not by the pleadings alone, but by the affidavits and exhibits supporting or opposing the motion" to dismiss. *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011) (internal quotations marks and citations omitted). Plaintiff bears the burden of

1

overcoming Midea's Rule 12(b)(2) Motion. *See Fastpath, Inc. v. Arbela Tech. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).

To determine the existence of personal jurisdiction, "[f]ederal courts apply the long-arm statute of the forum state," subject to the dictates of due process. *Kaliannan v. Liang*, 2 F.4th 727, 733 (8th Cir. 2021) (quoting *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020)). Arkansas's long-arm statute permits personal jurisdiction to the full extent permitted by the Fourteenth Amendment, so the due process analysis is dispositive. Ark. Code Ann. § 16-4-101; *Yanmar Co., Ltd. v. Slater*, 2012 Ark. 36, at *5 (2012). "[T]he due process analysis depends on whether personal jurisdiction is alleged to be general or specific." *Kendall Hunt Publ'g Co. v. Learning Tree Publ'g Corp.*, 74 F.4th 928, 930 (8th Cir. 2023) (quotation marks and citation omitted). Here, Jones does not allege any facts the Court could consider to assert general jurisdiction over Midea, so only specific personal jurisdiction is at issue.

"In analyzing whether specific jurisdiction comports with due process, we must decide whether the defendant has certain minimum contacts with the forum state and whether the plaintiff['s] claims 'arise out of or relate to the defendant's contacts.'" *Kaliannan*, 2 F.4th at 733 (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)). Minimum contacts with the forum state "are a prerequisite to the exercise of personal jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 288 (2014) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). To establish minimum contacts, "[t]he defendant must have engaged in 'some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *K-V Pharm. Co.*, 648 F.3d at 592 (quoting *Burger*

2

*King v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Where a defendant "has not purposefully availed himself of the privilege of conducting activities in the forum State," courts have "no occasion to address the necessary connection between a defendant's in-state activity and the plaintiff's claims." *Ford*, 592 U.S. at 371 (cleaned up).

The Eighth Circuit has condensed the above rules into a five factor totality-of-the-circumstances test with the first three factors being of "primary importance": "(1) the nature and quality of [the defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) [the] convenience of the parties." *Kaliannan*, 2 F.4th at 733 (quoting *Whaley*, 946 F.3d at 452).

Midea has provided a declaration from its Manager of Market Quality that states Midea "did not design," "manufacture," "engineer," "develop," "test[ ]," "produce," "assemble," "package," "import," "distribute," "advertise," or "sell" any Instant Pot pressure cookers, let alone the Instant Pot Lux model that Plaintiff alleges caused her injuries. (Doc. 13-1, pp. 2–3). The declaration further states Midea "has never placed any Instant Pot pressure cookers . . . in the stream of commerce or played any role in the process of bringing any Instant Pot pressure cookers to consumers in the United States." *Id.* at p. 3. And, for good measure, the declaration additionally states that Midea has never conducted business with Walmart, does not maintain bank accounts in Arkansas, does not own, lease, rent, or control any Arkansas property, does not have any office or place of business in Arkansas, and does not pay income or property taxes in Arkansas. *Id.* at p. 4. Plaintiff has not responded and, thus, provides no evidence to counter Midea's.

Looking then to the only evidence provided, *K-V Pharm. Co.*, 648 F.3d at 592, the Court finds dismissal for lack of personal jurisdiction is appropriate because there simply is no evidence that Midea has any contacts with Arkansas, let alone any contacts that relate to Plaintiff's claims. And for all intents and purposes, the affidavits and exhibits supporting this Motion show Midea "is a stranger to Plaintiff's claims." (Doc. 13, p. 7).

Therefore, **IT IS HEREBY ORDERED** that Midea's Motion to Dismiss is **GRANTED** and Midea is dismissed as a party from this case. The case proceeds on Plaintiff's claims against Walmart Inc.

**IT IS SO ORDERED** on this 6th day of March, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE